IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| STATE OF DELAWARE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. Action No. 11-913-GMS Delaware Justice of the Peace Court |
| RODNEY L. BURR, | ) ) | of the State of Delaware Ticket No. T321115588 |
| Defendant. | ) | |

## MEMORANDUM

### I. INTRODUCTION

On October 6, 2011, the defendant, Rodney L. Burr ("Burr"), filed a notice of removal from the Delaware Justice of the Peace Court of the State of Delaware in and for New Castle County ("Justice of the Peace Court"). (D.I. 2.) He appears *pro se* and has paid the filing fee.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 2011, Burr was issued a traffic citation for failing to wear a seat belt, Ticket Number T321115588. He alleges that the civil violation he received pursuant to 21 Del. C. § 4802(a)(1), which provides that a driver must wear a properly adjusted and fastened seatbelt, facially demonstrates "a state intent to cause an impact and infringement upon defendant's right to substantive due process by denying [and] interfering with defendant's exercise of fundamental [and] civil liberty rights" in violation of the Fourteenth Amendment as enhanced by the Ninth Amendment to the United States Constitution. The notice of removal states that this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and that this matter may be removed pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1443(1). The Uniform Traffic Complaint and Summons

instructed Burr to either pay the fine of $68.50 or enter a "not guilty" or "not responsible" pleading by October 11, 2011. Burr filed his notice of removal five days prior to the due date.

Burr's petition, filed one day after the notice of removal, alleges that the Delaware statute is unconstitutional. (D.I. 3.) The civil cover sheet under the cause of action section states that the enforcement of 21 Del. C. § 4802(a) violates Burr's civil rights and rights under the Fourteenth Amendment.

### III. DISCUSSION

#### A. 28 U.S.C. § 1441

In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

Here, Burr claims removal is appropriate pursuant to 28 U.S.C. § 1441(b) as arising under the Fourteenth Amendment of the United States Constitution. However, in viewing the face of the complaint, there is no mention of violations of constitutional rights or any type of federal question. Rather, the complaint seeks civil penalties for violations of 21 Del. C. § 4802. Further, to the extent that Burr may claim diversity of citizenship, the removal remains inappropriate. While the parties are citizens of different states, the complaint indicates that the amount in controversy is $68.50, far below the required $75,000. *See* 28 U.S.C. § 1332(a).

## B. 28 U.S.C. § 1443

Burr also claims that removal is appropriate under 28 U.S.C. § 1443(1). Removal of matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a civil or criminal prosecution commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1). A state court defendant who seeks removal under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

With regard to § 1443(1), Burr's allegations do not raise the specter of discrimination on the basis of race. Nor does the notice of removal lead to the conclusion that Burr cannot enforce any asserted rights in state court. *In re Weddington*, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). All of the issues raised by Burr are rights that are certainly enforceable in state court. Indeed, it is generally presumed that "the

3

protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson,* 421 U.S. at 219-20.

For the above reasons, with respect to the traffic citation, the court will summarily remand the case to the Justice of the Peace Court.

## IV. CLARIFICATION

Not only has Burr filed a notice of removal, he also filed a petition that the Delaware statute is unconstitutional. (*See* D.I. 3.) In addition, as discussed above, the civil cover sheet states that this is a cause of action that the enforcement of 21 Del. C. § 4802(a) violates Burr's Fourteenth Amendment rights and his civil rights. Inasmuch as Burr proceeds *pro se* and his petition, when coupled with the statements in the civil cover sheet, arguably raise a civil rights claim, the court will give Burr an opportunity to explain if he intended to file a civil action and, if so, to amend his petition. *See Court of Common Pleas v. Kelly,* 417 F. App'x 126 (3d Cir. 2011) (not published)

## V. CONCLUSION

For the above reasons the court will summarily remand Ticket No. T321115588 to the Delaware Justice of the Peace Court in and for New Castle County, Delaware. Burr will be given an opportunity to explain or amend his petition.

An appropriate order will be entered.

_____, 2012
Wilmington, Delaware

_____
CHIEF, UNITED STATES DISTRICT JUDGE

4